# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ALLEN RESTO, | : |
| Petitioner,, | : Civ. No. 12-3253 (RBK) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**KUGLER**, United States District Judge:

Petitioner Allen Resto ("Petitioner") seeks relief *pro se* under 28 U.S.C. § 2255 from his federal convictions and sentences. Resto was convicted after a jury trial (along with his co-conspirators Bernard Murray, Lorenzo Hardwick, and Jose Rodriguez) of conspiracy to distribute and possess narcotics, and possession and brandishing of firearms while engaging in that conspiracy. *See United States v. Hardwick*, 544 F.3d 565, 568 (3d Cir. 2008). Petitioner raises five issues in his motions; specifically: 1) failure to object to this Court's lack of jurisdiction to impose a sentence for murder; 2) failure to object to this Court's lack of Article III jurisdiction over the underlying case; 3) failure to object to the federal government's lack of standing to prosecute Petitioner; 4) failure to object to the lack of a grand jury indictment and notice of murder case; and 5) a challenge that 924(c) is void-for-vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The government has filed an opposition which asserts that the claims should be denied on the merits, but the opposition does not address Petitioner's challenges as amended. For the following reasons, the Court denies relief for each claim petitioner raises.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was a leader in a gang known as the Perez Organization in Camden, New Jersey from January 1998 through September 2002. *Hardwick*, 544 F.3d at 568. The gang was involved in disputes with other drug dealers and organizations during this time, and several individuals were shot (three fatally). *Id.*

A federal grand jury in Camden issued an eight count Superseding Indictment naming Resto and his co-conspirators on February 22, 2005. *Id.* The charges included conspiracy to distribute and possess narcotics and possession and brandishing of firearms in the course of that conspiracy.[1] *Id.* Petitioner, Murray, Hardwick, and Rodriguez went to trial on April 18, 2005. *Id.* The trial lasted until June 6, 2005, when a jury found the defendants guilty on all counts. *Id.* Petitioner was sentenced to life for the conspiracy count, and received a consecutive sentence for the brandishing convictions under 18 U.S.C. section 924(c). *Id.*

Petitioner and his codefendants moved for new trials after the verdict, which this Court denied. *See* Minute Entry for Apr. 27, 2006 (Case No. 02-684) (Doc. No. 317). Petitioner received a sentence of life imprisonment for the conspiracy charge in addition to eighty-five years for his several convictions under section 924(c). Resp.'s Br. at 3-4. Petitioner and the other defendants filed a notice of appeal, which the Third Circuit addressed in *Hardwick*. The Third Circuit found no reversible error and affirmed all four convictions. *Hardwick*, 544 F.3d at 568.

---

1. As they relate to Petitioner: Count Four charged him with possessing, discharging, and using a firearm in furtherance of the drug-trafficking conspiracy; "Count Six charged Resto, Murray, and Hardwick with possessing, brandishing, discharging, and using firearms in furtherance of the drug-trafficking conspiracy on February 19, 2001 (the murder of Hiram Rosa)"; "Count Seven charged Murray and Resto with the same violations on March 11, 2001 (referring to the murder of Kenneth Allen); and Count Eight charged Murray and Resto with the same violations on October 19, 2011 (referring to the murder of Troy James)." Resp.'s Br. at 2-3 (Doc. No. 25).

The United States also admitted that several of the section 924(c) counts were improperly charged and requested remand to this Court for resentencing. Resp.'s Br. at 5.

This Court resentenced Petitioner on January 13, 2010. *See* Minute Entry for Jan. 13, 2010 (Case No. 02-684) (Doc. No. 422). Petitioner was resentenced to a sentence of life for Count I and 120 months for Count 4. *Id.* The Court dismissed Counts 6, 7, and 8 of the Superseding Indictment. *Id.* Petitioner appealed his sentence on January 20, 2010, and the Third Circuit affirmed his conviction and sentence on November 21, 2011. *See United States v. Hardwick*, 455 F. App'x 151 (3d Cir. 2011).

Petitioner filed a section 2255 motion on May 31, 2012, which was entered on June 4, 2012. Resp.'s Br. at 6. Petitioner filed a number of letters and motions adding to his original petition. Petitioner filed a letter dated September 23, 2015 requesting that the Court allow him to narrow his petition to the issues presented in his Amended Petition to Vacate (Doc. No. 23). Sept. 23, 2015 Letter (Doc. No. 31). Since that letter, Petitioner has also submitted a motion to amend his Amended Petition to Vacate with an argument regarding the *Pinkerton* doctrine. April 25, 2016 Motion to Amend (Doc. No. 37). For the purposes of this opinion, the Court will consider Docket Entries 23 and 37 as Petitioner's 2255 application.

## II. LEGAL STANDARD FOR § 2255 MOTION

A motion to vacate, set aside or correct a sentence of a person in federal custody pursuant to 28 U.S.C. section 2255 entitles a prisoner to relief if "the court finds . . . [t]here has been such a denial or infringement of the constitutional rights of the prisoner as to render judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "In considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous based on the existing record.'" *United States v. Booth*, 432 F.3d 542,

545 (3d Cir. 2005) (quoting *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)) (citing R. Governing § 2255 Cases R. 4(b)). A District Court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Forte*, 865 F.2d at 62). The Third Circuit has stated that this standard creates a "'reasonably low threshold for habeas petitioners to meet.'" *Id.* (quoting *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001))). Accordingly, this Court abuses its discretion "if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." *Id.* (citing *McCoy*, 410 F.3d at 134).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

All but one of Petitioner's claims implicate whether he received ineffective assistance of counsel. The Sixth Amendment guarantees effective assistance of counsel. In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court articulated the two-prong test for demonstrating when counsel is deemed ineffective. First, the petitioner must show that considering all of the circumstances, counsel's performance fell below an objective standard of reasonableness. *See id.* at 688; *see also Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (noting that it is necessary to analyze an ineffectiveness claim in light of all of the circumstances) (citation omitted). A petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *See Strickland*, 466 U.S. at 690. Under this first prong of the *Strickland* test, scrutiny of counsel's conduct must be "highly deferential." *See id.* at 689. Indeed, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The reviewing court must make every effort to "eliminate the distorting effects of hindsight, to

4

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. If counsel makes "a thorough investigation of law and facts" about his plausible options, the strategic choices he makes accordingly are "virtually unchallengeable." *Gov't of V.I. v. Weatherwax*, 77 F.3d 1425, 1432 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 690-91). If, on the other hand, counsel pursues a certain strategy after a less than complete investigation, his choices are considered reasonable "to the extent that reasonable professional judgments support the limitations on investigation." *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006) (citing *Strickland*, 466 U.S. at 690-91).

The second prong of the *Strickland* test requires the petitioner to affirmatively prove prejudice. *See* 466 U.S at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*; *see also McBridge v. Superintendent, SCI Houtzdale*, 687 F.3d 92, 102 n.11 (3d Cir. 2012). "This does not require that counsel's actions more likely than not altered the outcome, but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters only in the rarest case. The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (citations omitted).

"With respect to the sequence of the two prongs, the *Strickland* Court held that 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Rainey v. Varner*, 603 F.3d 189, 201 (3d Cir. 2010) (quoting *Strickland*, 466 U.S. at

697). Additionally, "claims of ineffective assistance of appellate counsel are also governed by the *Strickland* standard." *Lusick v. Palakovich*, 270 F. App'x 108, 110 (3d Cir. 2008) (citing *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000)).

## IV. DISCUSSION

### A. Claim I – Ineffective Assistance: Failure to Object to the Court's Lack of Jurisdiction to Impose a Sentence for the Murders of Hiram Rosa, Kenneth Allen, and Troy James

Petitioner claims that his counsel was ineffective because they did not "object to the courts lack of jurisdiction to impose a sentence for the murders of Hiram Rosa, Kenneth Allen, and Troy James" and "[h]ad counsel objected chances are Movant would not be serving a LIFE + sentence." Amended Petition to Vacate at 4. Petitioner argues that the government did not file an indictment for murder, which therefore should have deprived this Court of jurisdiction to sentence him. *Id.*

The Court observes that Petitioner was not charged with murder, but rather, "possessing, brandishing, discharging, and using firearms in furtherance of the drug-trafficking conspiracy" in violation of 18 U.S.C. sections 924(c)(1)(A), (c)(1)(C). Contrary to Petitioner's contention, this Court had jurisdiction over these charges under 18 U.S.C. section 3231, which grants District Courts "original jurisdiction, exclusive of the Courts of the States, of all offenses against the laws of the United States." It follows that this Court had jurisdiction to sentence Petitioner for his offenses against the United States.

The Court finds that Petitioner's first claim fails the first prong of the *Strickland* test. Failure to challenge this Court's obvious jurisdiction does not fall below an objective standard of reasonableness. Therefore, the Court finds that the papers and record conclusively demonstrate that Petitioner is not entitled to federal habeas relief on Claim I.

B. **Claim II – Ineffective Assistance: Failure to Object to the Court's Lack of Article III Jurisdiction to Try Offenses Against the State of New Jersey, Specifically the Murders of Hiram Rosa, Kenneth Allen, and Troy James**

In Claim II, Petitioner takes issue with his counsel's failure to object to this Court's lack of jurisdiction to try him for the murders of Hiram Rosa, Kenneth Allen, and Troy James, which are offenses against the State of New Jersey, rather than the federal government. Amended Petition to Vacate at 5. As the Court noted above, Petitioner was charged with, and convicted of participating in the drug-trafficking conspiracy and possessing, brandishing, discharging, and using firearms in furtherance of the drug-trafficking conspiracy in violation of 18 U.S.C. sections 924(c)(1)(A), (c)(1)(C). These were federal charges. This Court had jurisdiction over these charges under 18 U.S.C. section 3231. Accordingly, the Court finds that Petitioner's second claim fails the first prong of the *Strickland* test. Failure to challenge this Court's obvious jurisdiction does not fall below an objective standard of reasonableness. Therefore, the Court finds that the papers and record conclusively demonstrate that Petitioner is not entitled to federal habeas relief on Claim II.

C. **Claim III – Ineffective Assistance: Failure to Object to the Government's Lack of Standing to Prosecute Offenses Against the State of New Jersey, Specifically the Murders of Hiram Rosa, Kenneth Allen, and Troy James**

In Claim III, Petitioner takes issue with his counsel's failure to object to the government's lack of standing to try him for the murders of Hiram Rosa, Kenneth Allen, and Troy James, which are offenses against the State of New Jersey, rather than the federal government. Amended Petition to Vacate at 6. This claim also fails the first prong of the *Strickland* test. Failure to challenge the federal government's obvious standing to prosecute federal crimes does not fall below an objective standard of reasonableness. Therefore, the Court

finds that the papers and record conclusively demonstrate that Petitioner is not entitled to federal habeas relief on Claim III.

### D. Claim IV – Ineffective Assistance: Failure to Object to Lack of Grand Jury Indictment and Notice of Murder Case

In Claim IV, Petitioner takes issue with his counsel's failure to object to the lack of a Grand Jury Indictment or "notice of murder case." Amended Petition to Vacate at 8. Petitioner argues that he was "constructively tried for infamous crime[s]," specifically "the murders of Hiram Rosa, Kenneth Allen and Troy James without notice or presentation of Grand Jury Indictment." *Id.* Petitioner's argument in support of this claim is cut from the same cloth as the three previous claims. Despite Petitioner's contention that he was "constructively tried" for murder in federal court, he was actually tried for participating in the drug-trafficking conspiracy and possessing, brandishing, discharging, and using firearms in furtherance of the drug-trafficking conspiracy in violation of 18 U.S.C. sections 924(c)(1)(A), (c)(1)(C). Petitioner was indicted for these crimes on February 22, 2005. *See Hardwick*, 544 F.3d at 568.

This claim also fails the first prong of the *Strickland* test. Counsel's failure to challenge the lack of an indictment for a crime that Petitioner was not charged with does not fall below an objective standard of reasonableness. Therefore, the Court finds that the papers and record conclusively demonstrate that Petitioner is not entitled to federal habeas relief on Claim IV.

### E. Claim V – Void-for-Vagueness: Failure to Object to Lack of Grand Jury Indictment and Notice of Murder Case

In Claim V, Petitioner argues that his conviction under section 924(c), which was based on *Pinkerton* liability, should be found void-for-vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). *See* April 25, 2016 Motion to Amend at 1-2. Petitioner

argues that the "plain language of Title 18 U.S.C. § 924(c) limits liability for personal conduct" and "Pinkerton liability . . . renders 924(c) void-for-vagueness within the meaning of **Johnson**, as-applied with respect to Resto." *Id.* (emphasis in original). Petitioner also notes that the testimony related to him lending a firearm to a co-conspirator was uncorroborated. *Id.*

The Supreme Court in *Johnson* held that the "residual clause" of the Armed Career Criminals Act ("ACCA") was void-for-vagueness. *Johnson*, 135 S. Ct. at 2563. The Court found that the ACCA's residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime," and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-58. The Court's concern with the residual clause stemmed from the "numerous splits among the lower federal courts, where it has proved nearly impossible to apply consistently." *Id.* at 2560 (citation omitted).

The *Pinkerton* doctrine states that "the criminal act of conspirator in further of the conspiracy is attributable to the other conspirators for the purpose of holding them responsible for the substantive offense." *United States v. Lopez*, 271 F.3d 472, 480 (3d Cir. 2001). The *Pinkerton* doctrine is neither incoherent nor is it impossible to apply consistently. Courts around the United States, including the Third Circuit, have consistently applied the *Pinkerton* doctrine since it was first recognized in 1946. *See United States v. Bailey*, 840 F.3d 99 (3d Cir. 2016) (applying *Pinkerton* liability for use or possession of a firearm in furtherance of a drug trafficking conspiracy); *Lopez*, 271 F.3d 472 (3d Cir. 2001) (holding that *Pinkerton* doctrine applies in the U.S. Virgin Islands); *United States v. Ramos*, 147 F.3d 281 (3d Cir. 1998) (applying *Pinkerton* liability for use or possession of a firearm in furtherance of a drug trafficking conspiracy); *Pinkerton v. United States*, 328 U.S. 640 (1946). Therefore, the Court finds that section 924(c) is not void-for-vagueness on its face or as applied to Petitioner.

Accordingly, the Court finds that the papers and record conclusively demonstrate that Petitioner is not entitled to federal habeas relief on Claim V.

### F. Other Outstanding Motions

In light of the analysis above, the Court addresses the remaining outstanding motions. Petitioner's July 2, 2015 Motion for Reconsideration of this Court's June 19, 2015 Order (Doc. No. 22) shall be denied as moot in light of Petitioner's subsequent amendments to his 2255 petition. Petitioner's Motion to Renew All Previous Motions for Pro Bono Attorney, Evidentiary Hearing, and Leave for Discovery (Doc. No. 24) is denied as moot in light of this Court's disposition of the 2255 petition in today's opinion. Petitioner's Motion to Compel the government to respond to the issues presented in his Amended 2255 petition (Doc. No. 26) is also denied as moot in light of the Court's disposition in today's opinion. Petitioner's Motion for Leave of Court to Clarify Issues (Doc. No. 33) is granted. Petitioner's Motion for Leave to File Supplemental Brief in Support of Petitioner's Reply to the Governments Motion in Opposition to Petitioner's 2255 (Doc. No. 34) is denied as moot because the Government's opposition did not address the final claims put forward by Petitioner and the additional briefing was not relevant. Finally, Petitioner's Motion to Amend his Amended Petition to Vacate (Doc. No. 37) is granted in part as to the amendment, but denied as to Petitioner's request for pro bono counsel.

## V. CERTIFICATE OF APPEALABILTIY

Pursuant to 28 U.S.C. section 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. section 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case on Claims I-V.

**VI. CONCLUSION**

For the above reasons, Claims I-V are **DENIED**. An appropriate order shall issue.


Dated: 6/9/2017                                          s/ Robert B. Kugler
                                                         ROBERT B KUGLER
                                                         United States District Judge